RUTH B. GINSBURG, Circuit Judge,
dissenting:
This case, as I comprehend it, turns on the answer to the following question: Does section 547 of the Bankruptcy Code, 11 U.S.C. § 547, empower the bankruptcy trustee to recover funds transferred to tax authorities during the pre-petition period in satisfaction of the debtor’s withholding tax obligation? Congress, I believe, considered this precise question and answered it in the negative. I therefore dissent.
Section 547 itself, I acknowledge, does not explicitly address the question critical here, but the legislative history of the section does, in language I find dispositive:

§ 5I/.7 Preferences

[[Image here]]
A payment of withholding taxes constitutes a payment of money held in trust under Internal Revenue Code section 7501[1],M and thus will not be a preference because the beneficiary of the trust, the taxing authority, is in a separate class with respect to those taxes, if they have been properly held for payment, as they will have been if the debtor is able to make the payments.
H.R.Rep. No. 595, 95th Cong., 1st Sess. 373 (1977) (emphasis added), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6329.
*1118 The meaning of this passage, as the majority reads it, “depend[s] largely on which of two successive phrases ... one chooses to emphasize — ‘if they have been properly held for payment’ or ‘as they will have been if the debtor is able to make the payments.’” Court’s Opinion at 1112. I disagree. No interpretive choice is offered, it seems to me, for the second phrase (“as [those taxes] will have been [held] if the debtor is able to make the payments”) is most sensibly read to illuminate or define, by example, the meaning or scope intended for the initial proviso (“if they have been properly held for payment”). The Report might have been phrased more mellifluously, but what it sought to convey comes across without static: if the debtor is able to make the payment, the taxes “have been properly held for payment,” which places the trust beneficiary in a class separate from other creditors and thus removes this payment from the category of preferences voidable by the trustee. See In re Razorback Ready Mix Concrete Co., 45 B.R. 917, 922 (Bankr.E.D.Ark.1984) (Congress recognized that “if the debtor was able to make the payments, designated the payments as ‘taxes due,’ and delivered the payments to the government, the monies could be labeled trust funds and the debtor’s duty as trustee was accomplished.”); In re Rodriguez, 50 B.R. 576, 581 (Bankr.E.D.N.Y.1985) (“[T]he House Report on § 547(b) recognized that where the debtor was able to make the withholding tax payments as evidenced by his delivery of the funds to the IRS, the monies would be labeled trust funds and the debtor’s duty as trustee regarded as completed.”).
The House Report passage quoted above is, in my view, dispositive of the only issue properly reached in this case — whether Auto-Train’s payment can be voided as a section 547 preference. The majority, however, considers the passage irrelevant to the issue it sees as critical: “[W]hether Congress ... intended the mere fact of payment of funds covered by a statutory trust to be sufficient to exclude the funds from the property of the estate.” Court’s opinion at 1103 (emphasis added). The majority thus transforms a case I believe to be properly focused on section 547’s definition of a voidable preference, into one in which section 541’s definition of “property of the estate” becomes the center of attention. The quoted House Report passage, in the majority’s view, is not helpful because it appears in the “wrong” place in the Report. See Court’s Opinion at 1112 (“If the House intended this passage to provide criteria for determining when property is considered within a debtor’s estate and when it is held in trust, we would expect to find the passage in its commentary on section 541[.]”).[2] The passage appears in the “wrong” place, I submit, only if one asks, as the majority does, the wrong question. The issue transformation effected by the majority (centering the case on what constitutes “property of the estate” rather than directly on whether the transfer in question is a voidable preference) not only unnecessarily complicates our task, it is logically infirm.
True enough, “[i]f the funds in question were trust funds” — i.e., were hot “property of the estate” under section 541 — “their pre-petition payment [could] never be a voidable preference.” Court’s Opinion at *1119 1112. It does not follow as the night the day, however, that if the funds were property of the estate, then the pre-petition payment would be a voidable preference. The majority’s position thus appears to me incorrect as a matter of logic, for a truthful proposition does not imply the truth of its converse.[3] The majority’s view is also defective, I believe, from the vantage point of legislative prerogative. Congress surely may determine that pre-petition withholding tax payments are not voidable without simultaneously classifying the funds used for the payments, for all purposes, as not “property of the estate.”[4] When legislative intent regarding a particular provision appears reasonably clear, we should not insist, before giving effect to that intent, that Congress craft a statute in which all parts perform in perfect harmony.[5]
Examination of the legislative history on which the majority relies, moreover, suggests that the question the majority poses —“whether the payment was of estate property or of trust funds,” Court’s Opinion at 1112 — was not the issue Congress wanted courts to resolve when faced with pre-petition withholding tax payments. The question the majority asks “requires a determination of the extent to which Congress, in enacting section 541 of the Code ... intended to ease the tracing burden imposed by [United States v.) Randall [401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971)].” Court’s Opinion at 1112. That “tracing burden,” it must be recalled, was imposed in a case (Randall) in which no pre-petition payment was made, and the IRS, in disregard of the priority distribution scheme (now contained in section 507, 11 U.S.C. § 507), attempted to claim assets remaining in the debtor’s possession post-petition. Congress addressed Randall by instructing courts:
Under the Internal Revenue Code of 1954 (section 7501), the amounts of withheld taxes are held to be a special fund in trust for the United States. Where the [IRS] can demonstrate that the amounts of taxes withheld are still in the possession of the debtor at the commencement of the case, then if a trust is created, those amounts are not property of the estate....
Where it is not possible for the [IRS] to demonstrate that the amounts of taxes withheld are still in the possession of the debtor at the commencement of the case, ... courts should permit the use of reasonable assumptions under which the [IRS], and other tax authorities, can demonstrate that amounts of withheld taxes are still in the possession of the debtor at the commencement of the case.
124 Cong.Rec. 32417 (Sept. 28, 1978) (statement of Rep. Edwards); 124 Cong.Rec. 34016-17 (Oct. 5, 1978) (statement of Sen. DeConcini), quoted in Court’s Opinion at 1108-1109 (emphasis added).
As. the italicized portions of the above excerpt clarify, Congress was directing courts to use “reasonable assumptions” to trace funds where no pre-petition payments were made, i.e., in Randall-type cases, in order to allow the tax authorities to demonstrate that the trust funds “are still in the debtor’s possession at the com *1120 mencement of the case.” The District of Columbia, of course, is not attempting to make such a demonstration, and this entire passage — central to the majority’s disposition of the District’s claim[6] — is therefore inapposite. The majority has, in effect, decided a case not before us: had Auto-Train not made its August 27 payment, we would hold that, as of the date the bankruptcy petition was filed, Auto-Train was not in possession of funds held in trust; we would therefore disallow the District of Columbia’s attempt to seize any of Auto-Train’s assets to satisfy the withholding tax obligation. Even if such a “holding” would be correct (a matter I find far from clear), it' answers a question not properly reached in this case.
For the reasons stated, I would vacate the judgment for the trustee (except as to the recovery of interest and penalties) and instruct the entry of judgment for the District.

. As noted by the majority, § 7501(a) of the Internal Revenue Code, 26 U.S.C. § 7501(a), "essentially mirrors the [statutory trust] provision on which the District here relies." Court’s Opinion at 1105.

. See abo Court's Opinion at 1112: “The fact that the much contested passage arises in a discussion of the section 547 preference rules strongly suggests ... that the House did not intend it to illuminate what constitutes a trust under section 541[.]” I agree. Congress intended, by this passage, to illuminate what constitutes a preference under section 547; thus the passage speaks directly and dispositively to the sole issue I believe properly posed for decision in the instant case.
Furthermore, in concluding that "the House Report is inapposite to the issue before us,” Court's Opinion at 1113, the majority relies on Report language accompanying section 547(c) as evidence that, “contrary to the District’s contention," Congress "contemplated that at least in some circumstances pre-petition tax payments could be recoverable as a voidable preference.” Id. at 1112. Neither the District nor anyone else, however, could contend otherwise, for tax obligations generally, e.g., corporate or sales taxes, are not covered by “statutory trust” provisions of the kind involved in this case. The section 547(c)-related Report language quoted by the majority, it seems to me, does not bear on whether Congress contemplated that pre-petition withholding tax payments could be recoverable as a voidable preference.

. The majority's decision appears to rest upon the inevitable truth of this converse proposition: Because the funds used for the August 27 pre-pe-tition withholding tax payment were not held in trust insofar as “reasonable assumptions” cannot "trace" the funds to employee wages, the payment is a fortiori voidable by the trustee. See Court’s Opinion at 1115-17.

. It bears note, in this connection, that the pay- or in the case of withholding taxes is not the actual taxpayer and that when an employer fails to remit the withheld taxes, the taxing authority must nevertheless credit each taxpayer as if the funds were actually paid over to the government. See, e.g., Treas. Reg. § 1.31-l(a) (1986); D.C.Mun.Reg. tit. 9, § 115.1 (1982).

.The majority complains that I have failed to “explain[ ] how the [House Report] passage relates to the relevant terms of section 547 — in particular the term ‘antecedent debt’[.]” Court's Opinion at 1117 n. 41. I plead nolo contendere to this charge, for plain indications of legislative intent generally require no "explanation.” Had the conferees chosen simpler, more forceful language — e.g., "Because withholding taxes are held in trust, under no circumstances can their payment qualify as a voidable preference” — would the majority nonetheless hold for the trustee because this statement does not clearly “relate[ ] to the relevant terms of section 547”?

. See Court's Opinion at 1114-1117.